19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Avon Anderson FLETCHER, Defendant-Appellant.
 No. 93-5552.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 1
 Before: KENNEDY and MILBURN, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Avon Anderson Fletcher appeals her conviction for arson, conspiracy to commit arson, and mail fraud and the sentence imposed by the district court. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Counsel for the parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Fletcher was convicted following a jury trial. She was sentenced to serve 51 months of imprisonment and three years of supervised release and to make restitution in the amount of $42,227.89. On appeal, Fletcher argues that the evidence is insufficient to support the conviction. She also contends that her sentence was improperly enhanced for obstruction of justice.
 
 
 4
 Upon review, we conclude that the appeal lacks merit. In evaluating a challenge to the sufficiency of the evidence, we must weigh the evidence in a light favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial evidence and direct evidence are accorded the same weight, and uncorroborated testimony of an accomplice may support a conviction under federal law. United States v. Frost, 914 F.2d 756, 762 (6th Cir.1990). Fletcher's assertion that her conviction was based on the testimony of a co-conspirator, Jimmy Kimbrell, is unavailing. Moreover, portions of Kimbrell's testimony were corroborated by other witnesses.
 
 
 5
 Fletcher's challenge to the enhancement of her sentence also lacks merit. An enhancement for obstruction of justice is authorized under U.S.S.G. Sec. 3C1.1 based on the district court's finding of perjury. United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993). The district court's determination that enhancement is required is sufficient if the district court's finding encompasses the factual predicates for a finding of perjury. Id. at 1117. The district court's finding that a defendant was untruthful with respect to material matters in the case that were designed to substantially affect the outcome, especially when the defendant's testimony is contradicted by that of other witnesses, meets this standard. Id. Contrary to Fletcher's argument, an enhancement under this section does not undermine a defendant's right to testify. See id. at 1117-18.
 
 
 6
 In the present case, the district court determined that the enhancement was warranted "by virtue of [the defendant's] failure to give truthful testimony in material matters that were designed to substantially affect the outcome of the case," and that Fletcher's testimony was contradicted by that of other witnesses. Because the district court's finding of perjury is supported by the record, an enhancement under U.S.S.G. Sec. 3C1.1 was authorized.
 
 
 7
 Accordingly, the district court's judgment of conviction and sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation